PER CURIAM:
On March 22, 1986, the claimant was travelling in a northerly direction on Route 2 in Weirton, West Virginia. Claimant's 1980 Oldsmobile struck a deteriorated area in the roadway. Claimant seeks an award of $97.93 for damages to his vehicle. He alleges that respondent was negligent in its maintenance of the catch basin.
Claimant testified that he was accompanied by a witness, Julius Lurie. He was travelling at a speed of 10-15 mph, and his vehicle had passed the Kroger Store which is located on Route 2. He stated that a catch basin had deteriorated, and the drain was not flush with the curb. The basin is located right at the edge of the curb between the sidewalk and the curb. The plate covering the catch basin was stocking out, but claimant failed to notice the plate. He *106 estimated the width of the hole to be between 10 and 12 inches. He travels this route frequently, but had not observed the deteriorated drain basin previously. Julius Lurie confirmed the testimony of the claimant.
Tony Orecchio, maintenance supervisor for Hancock County for respondent, testified that he was familiar with this particular catch basin. He stated that in March 1986, the catch basin was in good shape, but that the road surface was eroded two to three inches from the opening of the catch basin. He also stated that the City of Weirton had installed new curbs and sidewalks in 1986. The catch basis was located adjacent to the sidewalk. The complaint made by the claimant after his accident was the first complaint which Mr. Orecchio had received concerning this catch basin since he had become maintenance supervisor in the fall of 1985.
After careful review of the evidence presented, the Court can find no basis upon which to find respondent negligent. See Lynn vs. Dept. of Highways, 9 Ct.Cl. 127 (1972). The catch basin was maintained in the customary manner and no breach of duty by respondent has been shown. Under the circumstances, the Court is of the opinion to, and does, disallow the claim.
Claim disallowed.